## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**BARRY MICHAEL PRATT, JR.**                                             **PLAINTIFF**
**ADC #103822**

**V.**                          **NO. 2:25-cv-00106-BSM-ERE**

**KELLY,** *et al.*[1]                                                   **DEFENDANTS**

### RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation.  Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

### II.   Background

*Pro se* plaintiff Barry Michael Pratt, Jr., an inmate at the Phillips County Jail ("County Jail"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Pratt's original complaint alleged that County Jail officials were over-charging inmates for

---

[1] Because Mr. Pratt did not identify Wendy Kelly as a Defendant in his amended complaint (*Doc. 7 at 1-3*), the Clerk is instructed to terminate Wendy Kelly as a party Defendant.

commissary items and that "calorie count low." *Id. at 4*. He sued ADC Director Wendy Kelly and Commissary Owners Chad Niell and Pam Niell seeking monetary and injunctive relief.

On June 17, 2025, Mr. Pratt filed an amended complaint alleging only that Defendants Chad and Pam Niell were over-charging inmates for commissary items and requesting that ADC Director Dexter Payne investigate and correct this matter. *Doc. 7*.

## III. <u>Discussion</u>

### A. **Standard**

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### B. **Over-Charging of Commissary Items**

Although Mr. Pratt complains that Defendants are over-charging for commissary items, prisoners do not have a constitutional right to purchase items

from the commissary at the standard retail rate. See *Register v. Helder*, 2015 WL 6123071 at *2 (W.D. Ark. 2015) ("Even if Plaintiff is charged exorbitant amounts, no constitutional claim is stated."); see also *Maxwell v. Byrd*, 2010 WL 3515774 at *3 (E.D. Ark. 2010) ("Inmates have no constitutionally protected interest in purchasing stamps, food substances, or any other goods through a prison commissary at the cheapest price possible"); *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) ("there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost").

### C.    State Actors

In addition, based on Mr. Pratt's allegations, it is unclear whether either Defendants Chad Neill or Pam Neill are state actors. "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)).

### D.    ADC Director Dexter Payne

Mr. Pratt's amended complaint also fails to allege facts to show how Defendant Payne personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Here, Mr. Pratt only request is that

Defendant Payne investigate and resolve the situation at the County Jail. Accordingly, Mr. Pratt's amended complaint fails to state a plausible constitutional claim against any Defendant Payne.

## IV.    <u>**Conclusion**</u>

IT IS THEREFORE RECOMMENDED THAT:

1.    Mr. Pratt's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.    In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.    The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.    The Clerk be directed to close this case.

Dated 23 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE